Stanley R. Apps, Esq. (SBN 309425)
Law Offices of Robert S. Gitmeid, P.C.
4424 Bellingham Avenue
Studio City, CA 91604
Tel: (310) 709-3966
Email: stanley.a@gitmeidlaw.com

*Attorney for Plaintiff Angelina Rojo*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| Angelina Rojo, | **Case no.** |
|---|---|
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT [15 USC § 1681, et seq.]** |
| vs. | |
| Capital One Bank (USA), N.A; and Experian Information Solutions, Inc., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMES NOW the plaintiff Angelina Rojo, by and through her attorney of record The Law Offices of Robert S. Gitmeid, P.C., and hereby files this complaint and alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA"). The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

### II. JURISDICTION

2.1 This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

2.2 This Court may exercise personal jurisdiction over both Defendants, because both Defendants carry out continuous business activity in the State of California in this judicial district.

2.3 Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred in the State of California in this judicial district.

### III. PARTIES

3.1 Plaintiff Angelina Rojo (hereinafter "Plaintiff") was, at all times relevant hereto, a resident of Lynwood, California. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c) of the FCRA.

3.2 Defendant Capital One Bank (USA), National Association ("Capital One") is a business entity that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 1680 Capital One Drive, McLean, VA 22102. Capital One is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

3.3 Defendant Experian Information Solutions, Inc. ("Experian") is a limited liability company that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Experian

is a "consumer reporting agency" as defined in Section 1681(a)(f) of the FCRA. Experian is one of the largest CRAs in the world.

## IV. FACTS

4.1  Defendant Capital One issued an account ending in 9114 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

4.2  The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

4.3  On or about December 7, 2022, Plaintiff and Capital One entered into a settlement agreement for the above referenced account. A redacted copy of the settlement agreement is attached hereto as **Exhibit A.**

4.4  Pursuant to the terms of the settlement, Plaintiff was required to make one lump sum payment totaling $849.96 to settle and close her Capital One account. Plaintiff, via her debt settlement representative, timely made the requisite settlement payment. The proof of payment is attached hereto as **Exhibit B.**

4.5  However, nearly a year later, Plaintiff's Capital One account continued to be negatively reported.

4.6  In particular, on a requested credit report dated September 28, 2023, Plaintiff's Capital One account was reported with a status of "Charge Off," a balance of $753.00 and a past due balance of $753.00. The relevant portion of Plaintiff's credit report is attached herein as **Exhibit C.**

4.7  This trade line was inaccurately reported; as explained above, the account was settled and paid in full, and as such, must be reported as 'settled' with a balance of $0.00.

4.8  On or about October 11, 2023, Plaintiff, via counsel, sent a dispute letter to Defendants requesting the trade line to be corrected. A redacted copy of this dispute letter is attached hereto as **Exhibit D.**

4.9 Therefore, Plaintiff has disputed the accuracy of the derogatory information reported by Capital One to the Consumer Reporting Agencies via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

4.10 In November of 2023, Plaintiff requested an updated credit report from Defendant Experian. The tradeline for Plaintiff's Capital One account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the November 2023 credit report is attached herein as **Exhibit E**.

4.11 Experian did not notify Capital One of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Capital One and Capital One failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

4.12 If Capital One did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Capital One account would be updated to reflect a 'settled' status with a balance of $0.00.

4.13 Capital One has promised through its subscriber agreements or contracts to accurately update accounts, but Capital One has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

4.14 Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began.

4.15 At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

4.16 At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## STATEMENT OF CLAIM
(Fair Credit Reporting Act)

5.1 Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

5.2  Capital One is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

5.3  Plaintiff notified all defendants of a dispute on the Capital One account's completeness and/or accuracy, as reported.

5.4  Capital One failed to update Plaintiff's credit report and/or notify the credit bureaus that the Capital One account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

5.5  Capital One failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff or the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

5.6 Capital One failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

5.7 Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

5.8 Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

5.9 As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

5.10 As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, PLAINTIFF PRAYS that judgment be entered against Defendants as follows:

1) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2) That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4) That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: December 1, 2023

Law Offices of Robert S. Gitmeid & Assoc., PLLC

*/s/ Stanley R. Apps, Esq.*
Stanley R. Apps, Esq. (SBN 309425)
*Attorney for Plaintiff Angelina Rojo*

Email: stanley.a@gitmeidlaw.com